FILED

**NOT FOR PUBLICATION**

JUN 07 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTORIA GONZALEZ, on behalf of herself and all others similarly situated and ROBERT ROYALTY,<br><br>    Plaintiffs - Appellants,<br><br> v.<br><br>KINRO, INC., an Ohio corporation and KINRO TEXAS LIMITED PARTNERSHIP, a Texas limited partnership, DBA Better Bath Components,<br><br>    Defendants - Appellees. | No. 10-56815<br><br>D.C. No. 2:06-cv-08233-DDP-JWJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 9, 2012
Pasadena, California

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN and FISHER, Circuit Judges, and GRITZNER, Chief District Judge.[**]

The plaintiffs in this class action appeal the district court's grant of summary judgment in favor of defendant-appellee Kinro. We affirm the district court's conclusion that the plaintiffs lack standing to proceed.

An order granting or denying summary judgment is reviewed de novo, *see Travelers Cas. & Sur. Co. of Am. v. Brenneke,* 551 F.3d 1132, 1137 (9th Cir. 2009), as is a district court's decision on standing, *see Fair Hous. of Marin v. Combs*, 285 F.3d 899, 902 (9th Cir. 2002).

Standing under Article III of the Constitution requires an injury in fact. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Section 17204 of California's Unfair Competition Law incorporates the federal injury in fact standard. *See* Cal. Bus. & Prof. Code § 17204*; Kwikset Corp. v. Superior Court*, 246 P.3d 877, 884-85 (Cal. 2011). To demonstrate an injury in fact, a plaintiff must show the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *D'Lil*,

[**] The Honorable James E. Gritzner, Chief District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

538 F.3d at 1036 (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted).

Here, the plaintiffs fail to show an injury in fact resulting from the alleged non-compliance of their bathtubs with federal safety regulations. Of the 1.5 million bathtubs manufactured and sold by Kinro during the class period, none was involved in a fire. Only named plaintiff Gonzalez incurred a cost to replace her bathtub. The remaining plaintiffs have introduced no evidence to support the conclusory allegation that their homes lost value due to this possible defect. Without such evidence, they fail to show an injury in fact. The district court did not err in dismissing their claim for lack of standing.

The grant of summary judgment is AFFIRMED.